**John BARNHARDT, Appellant**

v.

**DISTRICT OF COLUMBIA,
et al., Appellees.**

**No. 09–7040.**

United States Court of Appeals, District of Columbia Circuit.

June 7, 2011.

John Barnhardt, Washington, DC, pro se.

Todd Sunhwae Kim, Solicitor General, Richard Stuart Love, Assistant, James C. McKay, Jr., Senior Assistant, Donna M. Murasky, Esquire, Deputy Solicitor, Peter J. Nickles, Mary Larkin Wilson, Assistant, Office of the Attorney General for the District of Columbia, Office of the Solicitor General, Washington, DC, for Appellees.

Before: GINSBURG, ROGERS, and GRIFFITH, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and the motion to govern future proceedings and the response thereto. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the case be remanded to the district court for further proceedings regarding appellant's common law tort claims consistent with *Barnhardt v. District of Columbia*, 8 A.3d 1206 (D.C.2010). To the extent the allegations in the complaint do not necessarily foreclose a claim of municipal liability, appellant's 42 U.S.C. § 1983 claim is remanded for further proceedings to determine whether he has stated a claim for municipal liability by alleging appellee "knowingly" failed to instruct and supervise its employees. *See Baker v. District of Columbia*, 326 F.3d 1302, 1307 (D.C.Cir. 2003) ("Deliberate indifference is determined by analyzing whether the municipality knew or should have known of the risk of constitutional violations. . . ."); *see also Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C.Cir.2004) (stating that alleging that a municipality " 'knew or should have known' about the ongoing constitutional violation, but did nothing," is sufficient to state a claim for municipal liability).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.